**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4860**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

DAVID DALE SHAWN FOUNTAIN,

            Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  James A. Beaty, Jr.,
District Judge.  (1:12-cr-00132-JAB-1; 1:11-cr-00418-JAB-1)

Submitted:  May 30, 2013              Decided:  June 5, 2013

Before DAVIS, WYNN, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen III, Federal Public Defender, Gregory Davis,
Senior Litigator, Winston-Salem, North Carolina, for Appellant.
Clifton Thomas Barrett, Assistant United States Attorney,
Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, David Dale Shawn Fountain pled guilty to five counts of interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) (2006), and to one count of discharging a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2006). The district court sentenced Fountain to concurrent terms of 130 months' imprisonment on the § 1951(a) counts and a consecutive term of 120 months' imprisonment on the § 924(c) count. Fountain's counsel has submitted a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Fountain's sentence is substantively reasonable. Fountain filed a pro se supplemental brief arguing that he was not competent to plead guilty because of his mental health problems. We affirm.

A court is required to determine that a defendant is competent to enter a guilty plea before accepting his plea. United States v. Nicholson, 676 F.3d 376, 382 (4th Cir. 2012). Courts apply the same standard in determining a defendant's competence to enter a guilty plea or to stand trial: "whether the defendant has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of

2

the proceedings against him." United States v. Moussaoui, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). "As in any criminal case, a competency determination is necessary only when a court has reason to doubt the defendant's competence." Godinez v. Moran, 509 U.S. 389, 401 n.13 (1993). Here, Fountain does not identify any specific mental health problem from which he suffers, nor does he provide any evidence indicating that he lacked competency at the plea hearing. We have reviewed the record of the Rule 11 hearing and are satisfied that the district court had no reason to doubt Fountain's competence.

Turning to counsel's challenge to Fountain's sentence, we review for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. When, as here, the sentence is within the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Mendoza-Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

3

Counsel questions whether Fountain's sentence is greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a) (2006), in light of Fountain's age, personal history, and mental health concerns. However, the district court expressly noted Fountain's age, personal history, and mental health concerns but also considered the seriousness of the offense, the need to protect the public, and the need to promote respect for the law. We conclude that Fountain fails to overcome the appellate presumption of reasonableness and that his sentence is therefore substantively reasonable.

Fountain also attempts to raise claims of ineffective assistance of counsel. However, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record clearly demonstrates ineffectiveness. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006); see also United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance.") (internal quotation marks omitted). Because our review of the record discloses no conclusive evidence of ineffective assistance, we decline to consider these claims at this time.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Fountain, in writing, of the right to petition the Supreme Court of the United States for further review. If Fountain requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Fountain.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>